IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

vs.                                              CRIMINAL ACTION NO. 2:09cr43-KS-MTP

THEDDIS MARCEL PEARSON, et al

## ORDER

This matter is before the court on the Motion to Dismiss and Quash Indictment and Memorandum in Support filed by Defendant Collie Crutcher [Doc. # 149] (May 7, 2010). Having considered the Motion , the court finds that the motion should be **denied**.

Crutcher was first interviewed about this matter in October 7, 2005, and testified before the grand jury on September 24, 2008. He was not informed that he was a target of the investigation before he testified before the grand jury. As a result of Crutcher's grand jury testimony an indictment was brought on February 18, 2009, against Pearson and Jones, co-defendants in the present case. In October 2009, the government filed a motion to dismiss the indictment without prejudice which the district court granted. On October 20, 2009, Pearson and Jones, along with Crutcher and four other Defendants were indicted. Crutcher alleges that the government acted in bad faith because it did not inform Crutcher before his grand jury testimony that he was a target in the investigation and inform him of his Fifth Amendment rights. Crutcher argues that "much of the information used for the indictment and about which Defendant Crutcher testified before the grand jury was discovered in the 2005 interview." Def.'s Mot. 3 [Doc. # 149]. Crutcher requests that the indictment be dismissed as relief.

The U.S. Attorney's Manual states that "[i]t is the policy of the Department of Justice to

1

advise a grand jury witness of his or her rights if such witness is a 'target' or 'subject' of a grand jury investigation." USAM § 9-11.151. This internal policy "is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal." USAM § 1-1.100. The Manual notes that the "Supreme Court has declined to decide whether a grand jury witness must be warned of his or her Fifth Amendment privilege against compulsory self-incrimination before the witness's grand jury testimony can be used against the witness." USAM § 9-11.151  In *United States v. Washington*, the justices stated:

> . . . we do not understand what constitutional disadvantage a failure to give potential defendant warnings [that he is a target] could possibly inflict on a grand jury witness, whether or not he has received other warnings. It is firmly settled that the prospect of being indicted does not entitle a witness to commit perjury, and witnesses who are not grand jury targets are protected from compulsory self-incrimination to the same extent as those who are. Because target witness status neither enlarges nor diminishes the constitutional protection against compelled self-incrimination, potential-defendant warnings add nothing of value to protection of Fifth Amendment rights.

431 U.S. 181, 189 (1977). Additionally, the Fifth Circuit has clearly stated that: "It is settled that a 'target' defendant is not constitutionally entitled to advice of his target status, or even of his Fifth Amendment rights, when called to testify before the grand jury." *United States v. Williams*, 874 F.2d 968, 975(5th Cir. 1989) (citations omitted); *see also United States v. Whitaker*, 619 F.2d 1142, 1149 (5th Cir. 1980) (agreeing that warnings of target status and Fifth Amendment rights are 'better practice' but declining to exercise supervisory authority to suppress testimony).

The Court finds that the prosecutors' failure to advise Crutcher that he was a target is not prejudicial. Importantly, the government has presented testimony that Crutcher was not a target

of the investigation when he testified before the grand jury, but merely a witness with possible knowledge of a Medicare scheme by Pearson and Jones.  Nor did Crutcher's testimony prompt prosecutors to issue an indictment against Crutcher in February 2009, when they indicted Pearson and Jones.  The government contends that Crutcher became a target as a result of the prosecutors' review of post-indictment discovery documents requested by Pearson and Jones from Cahaba. Among this evidence was information that Crutcher was ranked number five in the country "in terms of allowed physical therapy by dollar amount."  *See* Resp. 4 n.1 [Doc. # 236].  Simply put, the government had no duty to inform Crutcher he was a target before he became one through subsequent evidence.  Having failed to prove misconduct that violated Crutcher's constitutional or statutory rights or that his indictment resulted from his grand jury testimony at all, the Court need not discuss its supervisory authority to dismiss indictments.  All relief requested is denied.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss and Quash Indictment filed by Defendant Collie Crutcher [Doc. # 149]  is hereby **denied**.

SO ORDERED AND ADJUDGED this the 28th day of May, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE